22CA1130 Peo v Johnson 08-15-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA1130 El Paso County District Court No. 21CR6963 Honorable Frances R. Johnson, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Jaimer Jonique Johnson, Defendant-Appellant. ORDER AFFIRMED Division A Opinion by JUSTICE MARTINEZ* Román, C.J., and Richman*, J., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 15, 2024 Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Lisa Weisz, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Defendant, Jaimer Jonique Johnson, appeals the district court’s restitution order. We affirm. I. Background ¶ 2 On December 7, 2020, Johnson stole a television, EBT card, DVDs, and approximately $80 in cash, and the next day, pawned the television and the DVDs at a local pawn shop. The prosecution charged him with one count each of pawnbroker act violation and theft. ¶ 3 On March 31, 2022, as part of a plea agreement, Johnson pleaded guilty to pawnbroker act violation and agreed to pay all court-ordered restitution, including restitution for dismissed counts. As relevant here, the plea agreement provided that the prosecution would “submit the proposed amount [of restitution] within 42 days of sentencing.” ¶ 4 At the combined plea and sentencing hearing, the district court accepted the plea agreement, dismissed the theft count, and sentenced Johnson to twelve months of unsupervised probation. ¶ 5 Addressing restitution, the prosecutor requested that the district court “leave restitution open for 42 days.” She added, “[t]his is a fairly new case, so I think we should have a number very soon 
2 if there is any restitution that is being requested.” Johnson’s counsel disagreed that this was a “new” case and objected to leaving restitution open for forty-two days, citing People v. Weeks, 2021 CO 75. Based on the prosecutor’s “motion to reserve restitution today for the 42 days,” the district court found “good cause to not set the amount of restitution today.” The court instructed the parties that it would “set [restitution] no later than 42 days, [by] enter[ing] the order for restitution or [entertain a] request for an extension of time” so long as “it’s in accordance with applicable law.” ¶ 6 Defense counsel then asked the prosecutor “to give individual circumstances for why restitution in this case could not have been provided,” pointing out, “[i]t appears they have documentation” and “[t]his case has been pending for almost a year and a half.” The prosecutor refused, stating, “I don’t think that I need to be standing here telling the defense everything that I have done in a case or everything that we have related to restitution. We are just waiting for the final amount.” The district court responded, “Okay. Your record is made” and concluded the hearing. ¶ 7 Thirty-three days later, the prosecution filed a restitution request for $71.40 to the pawn shop and $81.60 to the victim of the 
3 theft. Defense counsel filed a written objection the following day arguing that, under Weeks and section 18-1.3-603(2), C.R.S. 2023, the district court lost authority to enter the restitution order. Defense counsel argued the court “no longer ha[d] the authority” to enter the restitution order because the prosecution had not filed the “‘information’ in support of a motion for restitution before the judgment of conviction” and the court did not find “extenuating circumstances affecting the prosecution’s ability to determine the proposed amount of restitution.” ¶ 8 Fifty-four days after sentencing, the district court granted the prosecution’s request for restitution in a written order. The court noted that the prosecution’s request for restitution was filed “thirty-three (33) days after the date the plea was entered” and “[t]his procedure is well within the timelines set forth in the statute.” Further, the court rejected defense counsel’s assertion that it needed to find “extenuating circumstances” to extend the prosecution’s deadline to submit the information supporting its request for restitution. 
4 II. Discussion ¶ 9 Johnson asserts that the prosecution failed to satisfy its statutory obligation under section 18-1.3-603(2)(a) by establishing the unavailability of restitution information so that the district court could defer the final determination of restitution. As a result, Johnson asserts, the district court erred by granting the prosecutor an additional forty-two days to submit restitution information. We are not persuaded. A. Standard of Review ¶ 10 Questions of statutory interpretation and whether a court has authority to order a defendant to pay restitution are legal questions that we review de novo. Weeks, ¶ 24; People v. Roddy, 2021 CO 74, ¶ 23. Additionally, “district courts have the inherent authority to manage their dockets through scheduling orders.” People v. Owens, 2014 CO 58, ¶ 16. B. Analysis ¶ 11 Every order of conviction “shall include consideration of restitution.” § 18-1.3-603(1). To determine restitution, the district court “shall base its order for restitution upon information presented to the court by the prosecuting attorney” and the 
5 prosecuting attorney “shall present this information to the court prior to the order of conviction or within ninety-one days, if it is not available prior to the order of conviction.” § 18-1.3-603(2)(a). ¶ 12 Section 18-1.3-603(2)(a) “requires the prosecution to exercise reasonable diligence to determine the amount of restitution and present it to the court at or before the sentencing hearing.” People v. Brassill, 2024 COA 19, ¶ 30; see People v. Martinez Rubier, 2024 COA 67, ¶ 38; see also § 18-1.3-603(2)(a). If the prosecution does not meet this requirement, however, the district court does not automatically lose authority to enter restitution. See Brassill, ¶¶ 56-61; see also Martinez Rubier, ¶¶ 46-47. ¶ 13 Instead, it may not be an abuse of the district court’s discretion to establish a procedure to resolve restitution and accept a late restitution motion — so long as restitution is resolved within the ninety-one-day deadline. See Brassill, ¶¶ 56-61 (describing denial of a restitution request as a “severe sanction” and permitting the district court to accept a late restitution motion and order restitution ninety days after the sentencing hearing). ¶ 14 The record is unclear as to whether the information supporting the restitution request was available to the prosecutor at 
6 the time of the sentencing hearing or whether the prosecutor had made any effort to obtain these figures. At the hearing, the prosecutor refused to provide any specifics, stating only, “we should have a number very soon if there is any restitution that is being requested” and “[w]e are just waiting on the final amount.” ¶ 15 We conclude that the prosecutor failed to comply with her obligations under section 18-1.3-603(2)(a) by not showing that she exercised the required diligence to have restitution information ready ahead of the sentencing hearing, see Brassill, ¶ 30. We recognize that the district court did not acknowledge the prosecutor’s failure. However, as in Brassill, the district court resolved the issue of restitution by “invok[ing] the statutory option of declaring restitution open while setting forth a procedure to ensure that it could resolve restitution within the ninety-one-day period.” Id. at ¶ 60. In fact, the procedure the district court adopted was consistent with the plea agreement. Under these circumstances, we cannot say the district court abused its discretion, see Brassill, ¶ 60. Because the issue of restitution was resolved within section 18-1.3-603(1)(b)’s deadline, the court had 
7 not lost its authority to address restitution. See id. Therefore, we decline to vacate Johnson’s restitution order. III. Disposition ¶ 16 The restitution order is affirmed. CHIEF JUDGE ROMÁN and JUDGE RICHMAN concur.